PIERCE, Chief Judge.
On March 2, 1971, an indictment was filed in the Circuit Court for Collier County,- Florida, charging appellant Jessie Lee Jones with rape. Counsel was appointed to represent him, and at his arraignment he entered a plea of not guilty. On August 23, 1971, Jones appeared before the court with his counsel and his mother, at which time he withdrew his plea of not guilty and entered a plea of guilty tó a lesser included offense of assault with intent to commit rape. After pre-sentence investigation, on October 8, 1971, the court sentenced him to twenty years imprisonment in the State Prison. He has appealed the judgment and sentence to this Court.
The Public Defender, appointed to represent him upon this appeal, has filed a brief in this Court on his behalf, stating that he had “carefully examined the record on Appeal and has found nothing which would arguably support the Appeal. He [Jones] was examined at length by the Court and his own attorney. Everything indicated that the plea was voluntarily and freely given. For these reasons Attorney for Appellant Respectively requests to be relieved as Attorney of Record and cite *394 as authority, case of Anders v. State of California, 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493.]”
The Public Defender served a copy of his said brief upon appellant Jones, and on April 12, 1972, this Court entered its order allowing Jones thirty days within which to file an additional brief, if he so desired, calling this Court’s attention to any matters that he feels should be considered in connection with the appeal in this cause. No such additional brief has been filed.
In justice to appellant, however, we have carefully examined the entire record on file in this Court upon this appeal. The record shows that the prosecuting attorney asked appellant Jones and his mother extensive questions at the time of the acceptance of the guilty plea and it was determined after such questioning that the plea was freely and voluntarily made with knowledge of the consequences.
We find nothing in the record which would warrant or justify this Court in disturbing the judgment. Accordingly the judgment is thereupon
Affirmed.
LILES and MANN, JJ., concur.